**UNITED STATES of America, Plaintiff,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.**

**No. 69 Civ. 200 (DNE).**

United States District Court,
S. D. New York.

April 25, 1978.

U. S. Dept. of Justice, Antitrust Division, Washington, D.C., for plaintiff.

Cravath, Swaine & Moore, New York City, for defendant.

MEMORANDUM

EDELSTEIN, Chief Judge:

International Business Machines Corporation, defendant in this civil antitrust action brought by plaintiff, United States, has moved this court for an order Permitting IBM to Reopen Its Discovery.

Defendant's papers in support of the instant motion make it abundantly clear that the sole reason for IBM's motion is an earlier motion made by plaintiff wherein plain-

tiff seeks leave to issue deposition subpoenas on 110 of defendant's 152 intended trial witnesses. In both its Memorandum in Support of the instant motion [hereinafter Defendant's Memorandum] and the Affidavit (No. 2) of Thomas D. Barr, dated February 24, 1978, [hereinafter Barr Affidavit No. 2], defendant repeatedly asserts that the court need not consider defendant's motion and that defendant will withdraw the motion if plaintiff's motion to issue deposition subpoenas is either denied by the court or withdrawn by plaintiff. On the other hand, should the court grant plaintiff's motion, defendant asserts that the court must also grant defendant's motion. See Defendant's Memorandum at 1, 3, 4, 5 & n., 11, 12 & 14; Barr Affidavit No. 2 at ¶¶ 2, 8 & 10.

Defendant's argument is predicated exclusively on the issue of fairness. According to defendant, if plaintiff upon its motion is given leave to issue deposition subpoenas on 110 of defendant's 152 intended trial witnesses, then in fairness defendant must be allowed to reopen its discovery—to take in defendant's terms, "comparable" discovery.

Plaintiff's motion for authority to issue deposition subpoenas was granted by Endorsement dated April 25, 1978. In granting plaintiff's motion, the court noted that by Stipulation and Order dated April 25, 1978, the number of depositions plaintiff sought leave to take was reduced from 110 to 47.

The court considers defendant's *quid pro quo* argument to be without merit. Defendant concludes that "plaintiff wants an opportunity to discover evidence supportive of [plaintiff's] case, without affording IBM a comparable opportunity." Defendant's Memorandum at 10. Defendant conceded, however, in response to plaintiff's June 22, 1977 motion for authority to issue deposition subpoenas, that any discovery it might seek could not be comparable to plaintiff's narrow program for the taking of depositions in order to focus and expedite cross-examination. IBM's Memorandum in Opposition to Plaintiff's Motion for Authority to Issue Deposition Subpoenas, dated July 8, 1977 at 21.

Plaintiff has asserted that the purpose of its deposition program is to prepare for the cross-examination of IBM's prospective trial witnesses. Plaintiff states specifically that its discovery "would not seek documents from the witness' company *except and only* to the extent that such documents are within the custody and control of the subpoenaed witness *and* relate to the scope of his direct examination as outlined in defendant's witness ID form, or relate to any potential bias of the witness." Plaintiff's Memorandum in Response to Defendant's Motion for an Order Permitting IBM to Reopen its Discovery at 5. Defendant's discovery, on the other hand, seeks "as a minimum, additional discovery at government agencies, as well as interrogatories and requests for admission addressed to plaintiff [and] depositions of competitors of IBM [and] depositions of witnesses (not including Dr. McAdams) who have testified for the government. . . ." Defendant's Memorandum at 12–13.

The court is of the opinion that the discovery which defendant seeks leave to obtain by its motion to reopen discovery goes far beyond the deposition program which plaintiff was granted leave to pursue upon its motion for authority to issue deposition subpoenas. Should the court permit defendant to engage in such broad scale discovery, defendant's *quid pro quo* argument would suggest that the court grant any subsequent motion by plaintiff to engage in comparable broad scale discovery. Such a result would propel this trial into intolerable, never-ending discovery. Neither fairness nor common sense commends granting defendant the relief it seeks. Accordingly, defendant's motion is denied.

So ordered.